## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,
   378 N. Main Ave.
   Tucson, AZ 85702

    *Plaintiff*,

   *v.*

WILBUR ROSS, United States Secretary of
Commerce
   1401 Constitution Ave. NW
   Washington, DC 20230

CHRIS OLIVER, Assistant Administrator,
NOAA Fisheries
   1315 East-West Highway
   Silver Spring, MD 20901

NATIONAL MARINE FISHERIES SERVICE
   1315 East-West Highway
   Silver Spring, MD 20901

    *Defendants*.

Case No. 19-cv-2526

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

**Endangered Species Act, 33 U.S.C. § 1533;
Administrative Procedures Act, 5 U.S.C
§§ 701-706**

## INTRODUCTION

1.    The Center for Biological Diversity (Center), an environmental organization that works

to protect imperiled wildlife species and their habitats, challenges the failures of the Secretary of

Commerce and the National Marine Fisheries Service (collectively, NMFS) to comply with the

nondiscretionary obligations set forth in the Endangered Species Act, 16 U.S.C. §§ 1531–1544

(Act). Specifically, NMFS has failed to designate "critical habitat" for five species of Florida and

Caribbean coral and seven species of Pacific coral. *Id.* §§ 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C).

NMFS's failure to designate critical habitat violates its mandatory duty under the Act, *see id.*,

*Center for Biological Diversity v. Ross et al.*
Complaint

and deprives these imperiled animals of vitally important protections in their most essential habitat areas.

2.      Coral reefs are among the most biodiverse and threatened ecosystems in the world. Corals face an extinction crisis due to the threats of climate change, ocean acidification, disease, overfishing, and pollution, among others. Despite the broad global threats to corals, there is evidence that alleviating local stressors and protecting habitat can help improve resiliency for many coral species. But absent bold and immediate action, the entire worldwide coral reef ecosystem may collapse within the next hundred years.

3.      In light of these significant threats, and following the Center's petition to protect a number of coral species under the Act, NMFS listed 20 corals as "threatened" species under the Act in 2014.  79 Fed. Reg. 53852 (Sept. 30, 2014). Twelve of those 20 coral species are found in U.S. waters. NMFS designated no critical habitat at the time of listing.

4.      Having listed the corals on September 30, 2014, the Endangered Species Act required that NMFS designate critical habitat for the species that inhabit U.S. waters no later than September 30, 2015. Yet NMFS still has not done so.

5.      The Endangered Species Act can provide lifesaving habitat protections for these imperiled corals, but only if NMFS complies with its mandates. Because NMFS is in violation of the Endangered Species Act and the Administrative Procedure Act (APA) by failing to timely designate critical habitat for the 12 corals that inhabit U.S. waters, the Center brings this action. The Center requests declaratory relief and an order requiring NMFS to issue rules designating critical habitat to safeguard the habitat the corals need to survive in the wild.

## JURISDICTION AND VENUE

6.      Plaintiff brings this action under the Endangered Species Act, 16 U.S.C. §§ 1533, 1540(g), and the APA, 5 U.S.C. § 706.

7.      The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (United States as a defendant), 16 U.S.C. § 1540(c) (actions arising under the Endangered Species Act), 16 U.S.C. § 1540(g) (citizen suit provision of the Endangered Species Act), and 5 U.S.C. § 702 (APA).

8.      The relief sought is authorized under 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (injunctive relief), 16 U.S.C. § 1540(g) (citizen suits under the Endangered Species Act), and 5 U.S.C. § 706(1) (relief under the APA).

9.      The Center provided formal notice to NMFS of its intent to file suit under the Endangered Species Act on March 28, 2019, more than 60 days prior to filing this complaint, consistent with the Act's statutory requirements. 16 U.S.C. § 1540(g)(2). Because NMFS has not remedied the legal violations outlined in the notice, an actual, justiciable controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

10.     Venue is proper in the United States District Court for the District of Columbia according to 28 U.S.C. § 1391(e)(1)(B) because Defendants reside in the district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

11.     Plaintiff Center for Biological Diversity is a national, nonprofit conservation organization incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including Washington, D.C., and in Mexico. The Center works through science, law, and policy to secure a future for all species, great and small, hovering on the brink of

extinction. The Center has more than 67,300 active members across the country, including Hawaii, Florida, and the Pacific Islands. The Center and its members are concerned with the conservation of imperiled species, including corals, through effective implementation of the Endangered Species Act. The Center brings this action on behalf of itself and its members.

12.     The Center's members include individuals with recreational, scientific, professional, aesthetic, spiritual, and ethical interests in the listed corals and their habitat. They have visited areas vital to the survival of the 12 corals at issue here, to observe them and enjoy the beauty of their habitat, and they have concrete plans to do so again. For example, one member regularly snorkels and scuba dives off the southeastern coast of Florida to observe threatened corals in their natural habitat.

13.     NMFS's failure to comply with the Endangered Species Act's nondiscretionary deadline to designate critical habitat for corals denies vital protections that the species need to survive and recover. For example, while NMFS withholds final critical habitat designations, development activities, water quality impairments, and overfishing continue to expand and impact the corals' remaining habitat. Critical habitat is necessary to ensure that federally permitted activities do not result in the adverse modification or destruction of the corals' essential habitat areas.

14.     Until NMFS protects the corals' critical habitat under the Act, the Center's and its members' interests in the species and their habitats are injured. These injuries are actual, concrete injuries presently suffered by the Center's members. NMFS's inaction caused these injuries, which will continue to occur unless this Court grants the requested relief.

15.     The relief sought herein—an order compelling NMFS to designate critical habitat—would redress these injuries by protecting the corals' habitat before they can be further degraded or destroyed. Conserving the corals and their habitat would mean that the Center and its

members can continue to pursue their educational, scientific, recreational, aesthetic, and spiritual interests in them. The Center and its members have no other adequate remedy at law.

16.     Defendant Wilbur Ross is the Secretary of the U.S. Department of Commerce. As Secretary of Commerce, he has the ultimate responsibility to administer and implement the provisions of the Endangered Species Act for corals, including timely designation of critical habitat, and to comply with all other federal laws applicable to the Department of Commerce. The Center sues Defendant Ross in his official capacity.

17.     Defendant Chris Oliver is the Assistant Administrator for Fisheries at NMFS and has responsibility for implementing and fulfilling the agency's duties under all applicable federal laws including the Endangered Species Act and APA. Mr. Oliver is sued in his official capacity.

18.     Defendant United States National Marine Fisheries Service (NMFS) is a federal agency within the Department of Commerce. The Secretary of Commerce has delegated his authority to administer the Endangered Species Act for most marine wildlife to NMFS. 50 C.F.R. § 402.01(b). This authority encompasses timely compliance with the Endangered Species Act's mandatory deadlines to designate critical habitat.

**STATUTORY AND REGULATORY FRAMEWORK**

19.     The Endangered Species Act "represent[s] the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). "Congress intended endangered species be afforded the highest of priorities." *Id.* at 174. Accordingly, the Act's purpose is to "provide a program for the conservation of . . . endangered species and threatened species" and "to provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

20.     To that end, the Endangered Species Act requires NMFS to protect imperiled species by listing them as "endangered" or "threatened." *Id.* § 1533(a)(1). A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it is "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

21.     Once a species is listed, it receives a host of important protections designed to prevent its extinction and aid its recovery, including one of the most crucial protections—safeguards for its "critical habitat." *Id.* § 1533(a)(3)(A).

22.     Critical habitat includes specific areas occupied by the threatened or endangered species with "physical or biological features . . . essential to the conservation of the species and . . . which may require special management considerations or protection," as well as specific areas unoccupied by the species that "are essential for the conservation of the species." *Id.* § 1532(5)(A). "Conservation" of a species means "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the Act] are no longer necessary." 16 U.S.C. § 1532(3). Accordingly, critical habitat includes areas that require proper management to ensure a listed species will not simply survive but also recover.

23.     Protecting critical habitat is necessary to protect and recover many listed species, particularly those that have become endangered or threatened because of historical and ongoing habitat loss or degradation. Thus, Section 7 of the Endangered Species Act requires all federal agencies to ensure their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of their remaining "critical habitat." *Id.* § 1536(a)(2).

*Center for Biological Diversity v. Ross et al.*
Complaint

Page 7 of 21

24.     Additionally, as NMFS has recognized, critical habitat designations provide other benefits, including opportunities for public education and involvement, which help make the public, state agencies, and local governments more aware of the plight of listed species and conservation actions needed to aid in species recovery. *See, e.g.*, 76 Fed. Reg. 20,180, 20,191 (April 11, 2011) (discussing benefits of designating critical habitat for Cook Inlet beluga whales).

25.     To ensure species at risk of extinction receive these essential habitat protections in a timely manner, Congress prioritized designating critical habitat. *Id.* § 1533(a)(3), (b)(6); *see also id*. § 1531(b) (statutory directive to "provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved"). NMFS is required, "to the maximum extent prudent and determinable," to designate critical habitat for a species "concurrently with making a determination" that it is endangered or threatened. *Id.* § 1533(a)(3)(A), (b)(6)(C).

26.     If critical habitat is "not . . . determinable" at this mandatory decision point, NMFS may extend the deadline to designate critical habitat by "no more than one additional year," at which point it must publish a final regulation "based on such data as may be available at the time." *Id.* § 1533(b)(6)(C)(ii). Designation of critical habitat is not determinable when "[d]ata sufficient to perform required analyses are lacking; or . . . [t]he biological needs of the species are not sufficiently well known to identify any area that meets the definition of 'critical habitat.'" 50 C.F.R. § 424.12(a)(2).

27.     NMFS must make critical habitat designations based on "the best scientific data available." 16 U.S.C. § 1533(b)(2).

*Center for Biological Diversity v. Ross et al.*
Complaint

28.     If NMFS finds it is not prudent to designate critical habitat or that critical habitat is not determinable, it must "state the reasons for not designating critical habitat in the publication of proposed and final rules listing a species." 50 C.F.R. § 424.12(a).

29.     NMFS does not designate critical habitat in areas outside the jurisdiction of the United States. 50 C.F.R. § 424.12(g).

30.     Time has proven the wisdom of Congress's requirement that NMFS designate critical habitat for listed species. Studies show that species with critical habitat are more than twice as likely to be in recovery than those without it.

31.     But the Endangered Species Act does not safeguard a species' critical habitat until NMFS designates it. Accordingly, it is imperative that NMFS meticulously follow the Act's procedures and deadlines to ensure it designates critical habitat in a timely manner.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

32.     Coral reefs are the most biodiverse ecosystems on earth, supporting an estimated one-third of described marine species, although they comprise only 0.2% of ocean area. The primary architects of reefs are coral animals. Reefs are built over centuries or millennia as thousands of individual coral animals settle on new substrate or the reef structure that develops from it, grow, reproduce, and die. Many coral species commingle in reef communities, and each individual ultimately contributes its own skeletal material to the reef structure.

33.     Coral reefs protect coastlines against erosion from storms and act as a barrier to sea-level rise. Coral reefs also support fisheries and businesses through tourism and recreation. The National Marine Fisheries Service estimates the commercial value of U.S. fisheries from coral reefs is over $100 million.

34.     Coral communities rely on narrow ranges of conditions to fend off competition from algae and survive predation. Disruptions in this dynamically balanced system can result in rapid coral mortality across the reef, with a resultant shift from healthy reef ecosystem to an algae-dominated system and, eventually, to a completely barren state.

35.     Corals are rapidly succumbing to the synergistic effects of unsustainable direct human pressures and climate-associated stressors. Indeed, corals and coral reef ecosystems are in crisis.

36.     NMFS acknowledges that corals worldwide are under a barrage of threats to their survival. NMFS has identified nine threats considered to be the most significant to coral survival: ocean warming, disease, ocean acidification, over-fishing, sedimentation, nutrient pollution, sea-level rise, predation, and collection and trade. The best available science demonstrates that without immediate action, these threats will continue and will likely cause a precipitous decline in the Florida, Caribbean, and Pacific corals listed under the Endangered Species Act.  The best available science demonstrates that without immediate action to curb these threats, these species will disappear from most of the places they currently live within the foreseeable future.

37.     In 2009, the Center submitted a formal petition, based on the best scientific studies available, to list 83 reef-building corals as threatened or endangered under the ESA. The Center also requested that critical habitat be designated for these species concurrently with listing under the ESA.

38.     On February 10, 2010, NMFS published a 90-day finding that the petition presented substantial scientific or commercial information indicating that the listing may be warranted for 82 of the 83 species. 75 Fed. Reg. 6616 (Feb. 10, 2010).

39.     On December 7, 2012, NMFS published a 12-month finding proposing to list 66 species

of coral, with 12 of the coral species warranting endangered listing and 54 warranting threatened

listing. 77 Fed. Reg. 73219 (Dec. 7, 2012).

40.     In September 2014, NMFS published its final rule listing 20 of the petitioned coral

species as threatened under the ESA. 70 Fed. Reg. 53851 (Sep. 10, 2014).

41.     Of the 20 listed corals, 15 of the listed species occur in the Indo-Pacific, and five in the

Caribbean. All five of the Florida and Caribbean corals have been confirmed in U.S. waters, and

occur throughout Atlantic Florida, Puerto Rico, the U.S. Virgin Islands, and the Gulf of Mexico.

For the Indo-Pacific species, seven of the 15 listed corals have been confirmed to occur

throughout American Samoa, Guam, the Commonwealth of Northern Mariana Islands, and the

Pacific Remote Island Areas.

42.     The five listed species in the Caribbean are *Dendrogyra cylindrus* (Pillar

coral), *Orbicella annularis* (Lobed star coral), *Orbicella faveolata* (Mountainous star

coral), *Orbicella franksi* (Boulder star coral) and *Mycetophyllia ferox* (Rough cactus coral)*. The

seven species found in U.S. waters in the Pacific are *Acropora globiceps*, *Acropora

jacquelineae*, *Acropora retusa*, *Acropora speciosa*, *Euphyllia paradivisa*, *Isopora crateriformis*,

and *Seriatopora aculeate*.

43.     The final rule did not include critical habitat designations for any of the 12 listed species

found in U.S. waters, as required by the Act. Instead, NMFS determined that critical habitat was

not currently determinable for any of the species being newly listed, and that NMFS would

propose critical habitat for the coral species in a separate rule. 70 Fed. Reg. 53874. NMFS did

not provide a timeline for the critical habitat designations.

44.    NMFS has not proposed or finalized critical habitat for any of the coral species listed in 2014.

45.    NMFS made no findings in either the proposed or final listing rules that designating critical habitat was "not prudent."

46.    Under the Endangered Species Act, NMFS was required to designate critical habitat no later than one year after its finding that critical habitat was "not determinable" at the time of listing in September 2014. Yet following a pattern of missed statutory deadlines, NMFS has not made this mandatory, nondiscretionary finding, in violation of the Act. *See* 16 U.S.C. § 1533(b)(3)(B).

47.    NMFS's ongoing failure to designate critical habitat for the 12 species of threatened corals in U.S. waters deprives these imperiled creatures of protections to which they are legally entitled, and leaves them at increased risk of injury and death in their most important habitat areas.

## FIRST CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Mycetophyllia ferox* (Rough cactus coral)

48.    The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

49.    The Endangered Species Act required NMFS to designate critical habitat for *Mycetophyllia ferox* no later than one year after its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *M. ferox*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

50.     Under the APA a reviewing court "shall . . .  "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

51.     NMFS's failure to designate critical habitat for *M. ferox* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## SECOND CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Dendrogyra cylindrus* (Pillar coral)

52.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

53.     The Endangered Species Act required NMFS to designate critical habitat for *Dendrogyra cylindrus* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *D. cylindrus*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

54.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

55.     NMFS's failure to designate critical habitat for *D. cylindrus* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## THIRD CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Orbicella annularis* (Lobed star coral)

56.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

57.     The Endangered Species Act required NMFS to designate critical habitat for *Orbicella annularis* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *O. annularis*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

58.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

59.     NMFS's failure to designate critical habitat for *O. annularis* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## FOURTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Orbicella faveolata* (Mountainous star coral)

60.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

61.     The Endangered Species Act required NMFS to designate critical habitat for *Orbicella faveolata* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *O. faveolata*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

62.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

63.     NMFS's failure to designate critical habitat for *O. faveolata* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## FIFTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Orbicella franksi* (Boulder star coral)

64.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

65.     The Endangered Species Act required NMFS to designate critical habitat for *Orbicella franksi* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *O. franksi*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

66.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

67.     NMFS's failure to designate critical habitat for *O. franksi* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## SIXTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Acropora globiceps*

68.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

69.     The Endangered Species Act required NMFS to designate critical habitat *Acropora globiceps* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *A. globiceps*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

70.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

71.     NMFS's failure to designate critical habitat for *A. globiceps* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## SEVENTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Acropora jacquelineae*

72.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

73.     The Endangered Species Act required NMFS to designate critical habitat for *Acropora jacquelineae* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *A. jacquelineae*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

74.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

75.     NMFS's failure to designate critical habitat for *A. jacquelineae* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## EIGHTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Acropora retusa*

76.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

77.     The Endangered Species Act required NMFS to designate critical habitat for *Acropora retusa* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *A. retusa*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

78.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

79.     NMFS's failure to designate critical habitat for *A. retusa* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## NINTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Acropora speciosa*

80.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

81.     The Endangered Species Act required NMFS to designate critical habitat for *Acropora speciosa* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *A. speciosa*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

82.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

83.     NMFS's failure to designate critical habitat for *A. speciosa* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## TENTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Euphyllia paradivisa*

84.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

85.     The Endangered Species Act required NMFS to designate critical habitat for *Euphyllia paradivisa* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *E. paradivisa*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

86.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

87.     NMFS's failure to designate critical habitat for *E. paradivisa* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## ELEVENTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Isopora crateriformis*

88.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

89.     The Endangered Species Act required NMFS to designate critical habitat for *Isopora crateriformis* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *I. crateriformis*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

90.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

91.     NMFS's failure to designate critical habitat for *I. crateriformis* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## TWELFTH CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for *Seriatopora aculeate*

92.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

93.     The Endangered Species Act required NMFS to designate critical habitat for *Seriatopora aculeate* within one year of its listing decision, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). NMFS has not proposed or finalized the designation of critical habitat for *S. aculeate*. NMFS is thus in violation of the Act's express statutory command to timely designate critical habitat.

94.     Under the APA, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

95.     NMFS's failure to designate critical habitat for *S. aculeate* violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## REQUEST FOR RELIEF

WHEREFORE, the Center requests that this Court enter a Judgment in favor of the Center providing the following relief:

(1)     Declare that NMFS violated the Endangered Species Act and APA by failing to designate critical habitat for each of the 12 newly listed species of coral inhabiting U.S. waters: *Dendrogyra cylindrus* (Pillar coral), *Orbicella annularis* (Lobed star coral), *Orbicella faveolata* (Mountainous star coral), *Orbicella franksi* (Boulder star coral), *Mycetophyllia ferox* (Rough cactus coral)*, Acropora globiceps*, *Acropora*

*jacquelineae*, *Acropora retusa*, *Acropora speciosa*, *Euphyllia*

*paradivisa*, *Isopora crateriformis*, and *Seriatopora aculeate*;

(2)     Order NMFS to designate—by a reasonable date certain—final critical

habitat for each of the 12 coral species under the Endangered Species Act,

16 U.S.C. § 1533(a)(3)(A);

(3)     Grant the Center its reasonable attorneys' fees and costs in this action,

as provided by the Endangered Species Act, 16 U.S.C. § 1540(g)(4), or

the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(4)     Provide such other relief as the Court deems just and proper.


DATED: August 21, 2019                    Respectfully submitted,


                                          /s/ Catherine W. Kilduff
                                          Catherine Cain Ware Kilduff, DC Bar # 1026160
                                          CENTER FOR BIOLOGICAL DIVERSITY
                                          801 Boush St., Ste. 200
                                          Norfolk, VA 23510
                                          ckilduff@biologicaldiversity.org
                                          Ph: (202) 780-8862

                                          /s/ Emily Jeffers
                                          Emily Jeffers (*Pro hac vice pending*)
                                          CENTER FOR BIOLOGICAL DIVERSITY
                                          1212 Broadway, Suite 800
                                          Oakland, CA 94612
                                          ejeffers@biologicaldiversity.org
                                          Ph: (510) 844-7109

                                          *Attorneys for Plaintiff*
                                          *Center for Biological Diversity*