JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
DAVIS A. BACKER, Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 514-5243
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) | No. 1:19-cv-2526-CJN |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATED SETTLEMENT |
| v. | ) | AGREEMENT |
| | ) | |
| WILBUR ROSS, in his official | ) | |
| capacity as Secretary of the United | ) | |
| States Department of Commerce, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between

Plaintiff, the Center for Biological Diversity ("Center"), and Defendants, Wilbur Ross, in his

official capacity as Secretary of the United States Department of Commerce; Chris Oliver, in his

official capacity as Assistant Administrator, National Oceanic and Atmospheric Administration

("NOAA"); and the National Marine Fisheries Service ("NMFS") who, by and through their

undersigned counsel, state as follows:

Stip. Settlement Agreement                                    No. 1:19-cv-2526-CJN

WHEREAS, in response to the Center's petition to list a number of coral species as threatened or endangered under the Endangered Species Act ("ESA"), NMFS listed 20 corals as "threatened" on September 10, 2014, 79 Fed. Reg. 53,852;

WHEREAS, at that time, NMFS found designation of critical habitat was not determinable for any of the species. *Id*. at 54,121;

WHEREAS, on March 28, 2019, the Center sent NMFS a letter stating its intent to file suit to compel NMFS to designate critical habitat for the corals by dates certain under the ESA, consistent with the Act's statutory requirements. 16 U.S.C. § 1540(g)(2);

WHEREAS, on May 28, 2019, NMFS responded to the Center's notice letter, stating that it was reviewing the relevant information required for a critical habitat designation and that it estimated that it could submit proposed designations to the Office of Information and Regulatory Affairs in February 2020, followed by 90 days for interagency review before publication for public review and comment;

WHEREAS, on August 21, 2019, the Center filed the above-captioned action to compel NMFS to designate critical habitat by dates certain for the listed species of coral found within U.S. waters;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve Plaintiff's Complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

Stip. Settlement Agreement                                                    No. 1:19-cv-2526-CJN

2

1. On or before July 31, 2020, NMFS shall submit to the Federal Register for publication proposed determinations concerning the designation of critical habitat for 12 listed species of coral found in U.S. waters: *Dendrogyra cylindrus*, *Orbicella annularis*, *Orbicella faveolata*, *Orbicella frankski*, *Mycetophyllia ferox*, *Acropora globiceps*, *Acropora jacquelineae*, *Acropora retusa*, *Acropora speciose*, *Euphyllia paradivisa*, *Isopora crateriformis*, and *Seriatopora aculeate*. If NMFS determines to propose critical habitat, NMFS shall submit for publication in the Federal Register a proposed critical habitat rule (or rules) on that same date;

2. The deadline set forth in Paragraph 1 will be extended by thirty (30) days in the event that interagency review of any proposed rules in accordance with Executive Order 12866 exceeds ninety days.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either Party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim or modification. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from

the Court. If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.

4. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify this Agreement, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. This Agreement requires only that Defendants take the action specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement. To challenge any final determination issued pursuant to Paragraph 1, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

6. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No Party shall use this Agreement or the terms herein as evidence with regard to any issue whatsoever, including what does or does not constitute a reasonable time for making a determination regarding critical habitat of any listed species.

Stip. Settlement Agreement                                                                No. 1:19-cv-2526-CJN

4

7.  Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8.  Without waiving any defenses or making any admissions, Defendant agrees to pay Plaintiff $4,600.00 in attorneys' fees and costs. Plaintiff agrees to accept the $4,600.00 from Defendant in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above captioned litigation through the signing of this Agreement.

9.  Plaintiff agrees to furnish Defendant with the information necessary to effectuate the $4,600.00 payment set forth by Paragraph 8. Payment will be made to the Center by electronic funds transfer. Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of Treasury's Judgment Fund Office within fifteen (15) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later.

10. By this agreement, Defendant does not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

11. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action

in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

12. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Stipulation contains all of the terms of agreement between the Parties concerning the Complaint, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

13. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each Party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

14. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

15. Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  February 27, 2020                    Respectfully submitted,


*/s/ Emily Jeffers*                          JEAN E. WILLIAMS,
EMILY JEFFERS (admitted *pro hac vice*)      Deputy Assistant Attorney General
Center for Biological Diversity              SETH M. BARSKY,
1212 Broadway, Ste. 800                      Section Chief
Oakland, CA  94612                           MEREDITH L. FLAX,
Tel: (510) 844-7109                          Assistant Section Chief
Email: ejeffers@biologicaldiversity.org

                                             */s/ Davis A. Backer*
*Attorney for Plaintiff*                     DAVIS A. BACKER
                                             Trial Attorney (CO Bar No. 53502)
                                             United States Department of Justice
                                             Environment & Natural Resources Division
                                             Wildlife & Marine Resources Division
                                             Ben Franklin Station
                                             P.O. Box 7611
                                             Washington, D.C. 20044-7611
                                             Tel: (202 514-5243
                                             Fax: (202) 305-0275
                                             Email: davis.backer@usdoj.gov

                                             *Attorneys for Defendants*

Stip. Settlement Agreement                                      No. 1:19-cv-2526-CJN

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2020, I electronically filed the foregoing Stipulated Settlement Agreement with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Davis A. Backer*
DAVIS A. BACKER
Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 514-5243
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov